# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | |
|---|---|
| STEPHEN RICHARDSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-825 |
| REVENUE CYCLE SOLUTIONS, INC. d/b/a RCS COLLECTIONS, | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, STEPHEN RICHARDSON, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, REVENUE CYCLE SOLUTIONS, INC. d/b/a RCS COLLECTIONS, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Hillsborough, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Illinois, which is licensed to do business in North Carolina and which has its principal place of business in Westchester, Illinois.

## ALLEGATIONS

7. On or about May 27, 2010, Defendant's representatives and/or employees, including but not limited to individuals who represented themselves as Pauline W. (last name unknown) and Cheryl C. (last name unknown), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. On or about June 8, 2010, Plaintiff mailed a letter to Defendant disputing the debt, requesting validation and verification of the alleged debt, and further requesting that Defendant cease all communication with him. A copy of said letter is attached hereto as Exhibit 1.

9. Defendant never responded to Plaintiff's request for validation and verification of the alleged debt, yet its representatives and/or employees continued to contact Plaintiff by telephone, including but not limited to on or about June 16, 2010, and by mail, including but not limited to on or about July 1, 2010, in further attempts to collect the alleged debt.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

2

a. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendant in writing within the applicable period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b);

b. Continuing to communicate with Plaintiff after Defendant was notified in writing that Plaintiff refused to pay the debt and/or that Plaintiff wished for Defendant to cease further communication with him, in violation of 15 U.S.C. § 1692c(c); and

c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, STEPHEN RICHARDSON, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305
(866) 551-7791 fax
Lynette@LuxenburgLevin.com